UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMANDEEP SINGH GILL, | No. 2:23-cv-0890 DC AC P |
| Plaintiff, | |
| v. | ORDER |
| COUNTY OF PLACER, et al., | |
| Defendants. | |

      Plaintiff has filed a motion to amend the pretrial scheduling order, which is supported by exhibits including a stipulation by the parties to extend all but one of the deadlines in the pretrial scheduling order. ECF No. 20. Plaintiff also seeks recission of the court's order referring the case to Alternative Dispute Resolution. Id. at 3. The parties agree that good cause exists to modify all deadlines set in the pretrial scheduling order with the exception of the deadline for Joinder of Parties/Amendments. Id. at 25-28. With respect to that deadline, plaintiff seeks modification and defendants appear to oppose it.

      A case schedule may be modified only for good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4). Moreover, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on a motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). When ruling on a request to extend a filing deadline, the court considers (1) the danger of prejudice to the opposing

1 party; (2) the length of the delay and its impact on court proceedings; (3) the reason for the delay;
2 and (4) the good faith of the moving party.  <u>Pioneer Investment Services Co. v. Brunswick</u>
3 <u>Associates Ltd. Partnership</u>, 507 U.S. 380 (1993).

4     The pretrial scheduling order stated: "Plaintiff anticipates the joinder of additional parties
5 based on the current unidentified Doe defendants named in the first amended complaint.  The
6 deadline to file and schedule a hearing on any motion to amend the complaint pursuant to Rule
7 15(a)(2) of the Federal Rules of Civil Procedure is December 23, 2024."  ECF No. 15 at 1-2.
8 Defendants' objection to extension of this deadline appears to be based on the potential scope of
9 amendments, which is not entirely known at this time.  <u>See</u> ECF No. 20 at 31 (Exhibit C, Emails
10 Concerning Modification to Pretrial Scheduling Order).  Such arguments, however, are best
11 suited for opposition to any future motion to amend.  The circumstances that establish good cause
12 for the extension of other deadlines—including plaintiff's serious hand injury that required
13 surgery and has impacted his ability to participate fully in discovery and case preparation, and his
14 wife's current high risk pregnancy and the need for plaintiff to care for his two-year-old
15 daughter—equally support extension of the deadline for joinder and amendments, especially
16 given the need for plaintiff to identify Doe defendants in discovery.  As defendants acknowledge
17 in the stipulation, this is the first request for modification of the schedule and no trial date is set.
18 The undersigned accordingly finds that defendants will not be prejudiced by the extension
19 plaintiff seeks.

20     The court finds that plaintiff has established good cause within the meaning of Rule
21 16(b)(4) and good cause and excusable neglect under Rule 6(b)(1)(B).  Accordingly, his motion
22 will be granted to the extent that all deadlines will be extended.  However, the court has adjusted
23 certain dates proposed by the parties to ensure orderly litigation.

24     Accordingly, IT IS HEREBY ORDERED that:
25     1.    Plaintiff's motion to amend the pretrial scheduling order (ECF No. 20) is
26 GRANTED IN PART AND DENIED IN PART, as follows.
27     2.    The pretrial scheduling order (ECF No. 15) is hereby modified as follows:
28     a.  All non-expert discovery shall be completed by **July 31, 2026**.

    Motions to compel discovery must be noticed for hearing in accordance with the Local Rules to be heard no later than **June 24, 2026**.

  b. Any motion to amend the complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure must be noticed for hearing in accordance with the Local Rules to be heard no later than **September 2, 2026**.

  c. All parties are to disclose in writing, file with the court, and serve upon all other parties, a list containing the name, address and area of expertise of each expert witness they propose to tender at trial, not later than **September 2, 2026**.

  d. No later than **September 30, 2026**, all parties are to disclose in writing, file with the court and serve upon all other parties, a list containing the name, address and area of expertise of each rebuttal expert witness the party proposes to tender at trial.

  e. Expert discovery shall be completed by **October 30, 2026**.

  f. All dispositive and other pretrial motions (other than motions related to discovery) shall be heard by **December 15, 2026**.

3. The Order at ECF No. 19 is VACATED. The parties may jointly request a court settlement conference at any time.

DATED: August 28, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE